# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: December 20, 2018)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| RAYMOND FLACKE, | * | UNPUBLISHED |
| | * | |
| | * | No. 17-0090V |
| Petitioner, | * | |
| | * | Chief Special Master Dorsey |
| v. | * | |
| | * | Attorney Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner
Darryl R. Wishard, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 23, 2017, Raymond Flacke ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that as a result of Prevnar 13 pneumococcal vaccine administered on March 18, 2015, he suffered from rheumatoid arthritis. Petition at 1. On June 12, 2018, the undersigned issued a decision based on the parties' stipulation and awarded petitioner compensation in the amount of $100,000.00. Decision at 2.

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On October 17, 2018, Petitioner filed an application for attorneys' fees and costs. Application for Attorney Fees and Costs ("Fees App.") (ECF No. 41). Petitioner requests attorneys' fees in the amount of $20,148.20 and attorneys' costs in the amount of $3,625.57. Id. at 1. Pursuant to General Order 9, petitioner's counsel represents that he has not personally incurred any expenses during the course of this claim. Id. at 1. The total request for fees and cost is $23,773.77. Respondent filed his response on December 6, 2017 indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case. " Id. at 2. Petitioner did not file a reply.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards $23,773.77 in attorneys' fees and costs.

## I. Discussion

Under the Vaccine Act, a special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. §300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was reasonable basis for the claim for which the petition was brought." Id. at§ 15(e)(3). Because compensation was awarded to petitioner, the undersigned finds that he is entitles to an award of reasonable attorneys' fees and costs.

### a. Reasonable Attorney Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl.

719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his counsel: for Mr. Edward Kraus, $389 per hour for work performed in 2016, $398 per hour for work performed in 2017 and $409 per hour for work performed in 2018. Fees App. at 4-8. For attorney Amy Kraus, $311 per hour for work performed in 2016, $318 per hour for work performed in 2017 and $327 for work performed in 2018. Id. Petitioner also requests that the law clerks that worked on the case be compensated at hourly rates from $110 - $145 per hour for all work performed. Id. The requested rates are consistent with what the undersigned and other special masters have previously awarded Mr. Kraus and his clerks for their work. See Balek v. Sec'y of Health and Human Servs., 2018 WL 4623167, (Fed. Cl. July 25, 2018). Accordingly, no adjustment is required for the requested rates.

### ii. Reasonable Hours Expended

Petitioner requests compensation for 69.9 total hours billed by Mr. Kraus and his associates. Fees App. at 4-8. Petitioner has submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The undersigned has reviewed the billing records and does not find any entries to be objectionable, and Respondent has not objected to any particular entry either. Accordingly, the undersigned finds the hours expended on this matter to be reasonable. Petitioner is therefore entitled to the full amount of attorneys' fees sought, $20,148.20.

### b. Attorneys' Costs

Petitioner requests a total of $3,625.57 in attorneys' costs. These consist of medical records costs, postage, filing fees and costs for Dr. Alan Levin's expert medical report. Petitioner has provided adequate documentation supporting these costs and the undersigned shall reimburse them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $20,148.20 |
| Requested Attorneys' Costs: | $ 3,625.57 |

| | |
|---|---:|
| **Total Attorney's Fees and Costs Awarded** | **$23,773.77** |

The undersigned hereby awards the amount of **$23,773.77**, in the form of a check[3] made payable jointly to Petitioner and Petitioner's counsel, Edward M. Kraus, Esq.

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] The check shall be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.